

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

July 23, 1949

Mr. Nelson Greeman, Secretary
Texas State Board of Examiners in Optometry
201 Majestic Building
San Antonio, Texas

Opinion No. V-860

Re: The legality of persons other
than licensed optometrists or
licensed physicians or sur-
geons fitting "contact lenses."

Dear Sir:

Your recent letter, in which you requested
the opinion of this office, contained the following:

"Under the provisions of Article 4552,
et seq., may persons other than licensed
optometrists or licensed physicians or sur-
geons fit 'contact lenses'?

"The problem immediately before us is
whether a 'dispensing optician' is author-
ized to fit without a prescription from a
licensed physician or optometrist contact
lenses in this State. A 'dispensing opti-
cian' is an individual or firm filling pre-
scriptions of physicians and surgeons or
optometrists licensed by the respective
boards for opthalmic lenses and kindred
products, and incidental to the filling of
such prescriptions, taking facial measure-
ments and fitting and adjusting lenses or
frames."

We quote the following provisions of law from
Vernon's Civil Statutes:

"Art. 4552. The practice of optometry
is defined to be the employment of objective
or subjective means, without the use of
drugs for the purpose of ascertaining and

measuring the powers of vision of the
human eye, and fitting lenses or prisms
to correct or remedy any defect or abnor-
mal condition of vision. Nothing herein
shall be construed to permit optometrists
to treat the eyes for any defect whatsoever
in any manner nor to administer nor to pre-
scribe any drug or physical treatment what-
soever, unless such optometrist is a regu-
larly licensed physician or surgeon under
the laws of this State. Nothing herein shall
be construed to prevent selling ready-to-
wear spectacles or eye glasses as merchandise
at retail, nor to prevent simple repair jobs."

"Art. 4565c. For the purpose of this
Act, the words 'ascertaining and measuring
the powers of vision of the human eye', as
employed in Article 4552, shall be constru-
ed to include:

"(1) The examination of the eye to as-
certain the presence of defects or abnormal
conditions which may be corrected, remedied,
or relieved, or the effects of which may be
corrected, remedied or relieved by the use
of lenses or prisms, or

"(2) The employment of any objective
or subjective means to determine the accommo-
dative or refractive condition, or the range
or powers of vision of muscular equilibrium
of the human eye, or

"(3) The employment of any objective
or subjective means for the examination of
the human eye for the purpose of ascertain-
ing any departure from the normal, measur-
ing its power of vision or adapting lenses
or prisms for the aid or relief thereof, and
it shall be construed as a violation of this
Act, for any person not a licensed optome-
trist or a licensed physician to do any one
act or thing, or any combination of acts or
things, named or described in this Article;
provided, that nothing herein shall be con-
strued to permit optometrists to treat the
eye for any defect whatsoever in any manner,

nor to administer any drug or physical treatment whatsoever, unless said optometrist is a duly licensed physician and surgeon, under the laws of this State."

"Art. 4565d. For the purpose of this Act the words 'and fitting lenses or prisms', as employed in Article 4552, shall be construed to include:

"(1) Prescribing or supplying, directly or indirectly, lenses or prisms, by the employment of objective or subjective means or the making of any measurements whatsoever involving the eyes or the optical requirements thereof;

"(2) The adaptation or supplying of lenses or prisms to correct, relieve or remedy any defect or abnormal condition of the human eye, or to correct, relieve or remedy or attempt to correct, relieve or remedy the effect of any defect or abnormal condition of the human eye.

"(3) It shall be construed as a violation of this Act for any person not a licensed optometrist, or a licensed physician to do any one thing or act, or any combination of things or acts, named or described in this article."

"Art. 4565g. Nothing in this Act shall be so construed as to prevent an optical mechanic from doing the merely mechanical work of manufacturing opthalmic lenses or to prevent the sale of such opthalmic lenses to those who are licensed and legally qualified to prescribe them, nor to prevent such optical mechanic, who does not practice optometry, from following the specific directions of a competently and legally signed prescription where he does no more than manufacture or dispense the spectacles or eye-glasses, or component parts thereof, called for by such

prescription.  Nor shall this Act be so
construed as to prevent selling ready-to-
wear spectacles or eye-glasses as mer-
chandise at wholesale to merchants for
purposes of resale as merchandise, as pro-
vided for in this Act when neither the
wholesaler nor merchant to whom he sells
practices optometry.

"Art. 4566.  Nothing in this Act
shall be construed to apply to persons who
sell spectacles and eye-glasses as merchan-
dise; officers or agents of the United
States or the State of Texas, in the dis-
charge of their official duties; nor to
prevent physicians and surgeons, duly li-
censed as such under the laws of the State
of Texas regulating the practice of medi-
cine, from treating the human eye or pre-
scribing lenses or glasses, or fitting
lenses or glasses for the aid thereof."

Since the term "dispensing optician" is not
found in the statutes governing the practice of optom-
etry and since the activities ascribed to such optician
by you are similar to those which may be exercised by
an "optical mechanic", as provided in Article 4565g,
heretofore quoted, we must presume the provisions of
this Article are applicable to your question.  This Ar-
ticle exempts certain enumerated activities of an opti-
cal mechanic from the provisions of the other statutes
governing the practice of optometry.  Such activities
are:

(a)  doing the merely mechanical work of man-
ufacturing opthalmic lenses;

(b)  the sale of opthalmic lenses to those who
are licensed and legally qualifed to prescribe them;

(c)  If he does not practice optometry, he may
follow the specific directions of a competently and le-
gally signed prescription, where he does no more than
manufacture or dispense the spectacles or eye-glasses,
or component parts thereof, called for by such prescrip-
tions.

The fourth exception contained in the Article
is not applicable to your question.

From information received by this department, it is our understanding that contact lenses are worn under the eyelids and in direct contact with the forward part of the eyeball, touching the sclera surrounding the cornea with the corneal area of the lens usually not in contact with the surface of the eyeball. The lens itself, made either of glass or plastic, is so ground as to focus light in accordance with the requirements of the individual patient and to correct his individual visual variations from normal. The contact lens is made from molds which are prepared by placing over the eyeball an impressionable material into which the form and surface conditions of the eyeball of the particular patient are impressed. From this mold the lens is cast and the corrective qualities required for the particular patient incorporated into the lens by grinding or other means to develop the proper refractive qualities. When the lens has been prepared and the necessary refractive qualities incorporated therein, it is then fitted to the eye and corrections made to secure a proper fit, irregularities being removed by grinding. When the contact lens is complete and properly fitted, it is necessary to instruct the patient in its use.

Under the provisions of Articles 4552, 4565c and 4565d, Vernon's Civil Statutes, it is clear that the fitting of contact lenses constitutes the practice of optometry in so far as such includes an examination of the eye to ascertain defects or abnormal conditions of the eye which may be corrected by the use of contact lenses; the taking of an impression mold of the eyeball from which contact lenses are to be cast; the determination of the corrective qualities to be incorporated in the lenses by grinding or other means to develop the proper refractive qualities; or the adjusting or fitting of lenses to the eye. In view of what we have said constitutes the practice of optometry in the fitting of contact lenses, it necessarily follows that an "optical mechanic" or a "dispensing optician" may not lawfully fit contact lenses in this State, unless he does so in the discharge of his duties as an officer or agent of the United States or the State of Texas, or is a physician and surgeon, duly licensed as such under the laws of the State of Texas regulating the practice of medicine, or is duly licensed to practice optometry in this State. Articles 4552 through 4566, Vernon's Civil Statutes; Articles 735 through 738, Vernon's Penal Code.

However, a person, whether he be known as an "optical mechanic" or a "dispensing optician" may lawfully engage in any one or all of the three activities, referred to above, authorized by Article 4565g, subject to the conditions, limitations and restrictions imposed therein.

## SUMMARY

The fitting of contact lenses constitutes the practice of optometry. An "optical mechanic" or "dispensing optician" may not lawfully fit such lenses in this State, unless he does so in the discharge of his official duties as an officer or agent of the United States or the State of Texas or is a physician or surgeon, duly licensed under the laws of the State of Texas regulating the practice of medicine, or is duly licensed to practice optometry in this State. Articles 4552 through 4566, Vernon's Civil Statutes; Articles 735 through 738, Vernon's Penal Code.

A person, whether he be known as an "optical mechanic" or a "dispensing optician" may lawfully engage in any or all of the activities authorized by Article 4565g, Vernon's Civil Statutes, subject to the conditions, limitations, and restrictions contained therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Clyde B. Kennelly

Clyde B. Kennelly
Assistant

CBK:rt:wb

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL